UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>CONCERT SPECIALS, INC., a corporation, and<br><br>STEVEN EBRANI, individually and as an officer of Concert Specials, Inc.,<br><br>                            Defendants. | Civil Action No.<br>21-CV-214<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT** |

FILED
CLERK
9:42 am, Jan 19, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for a permanent injunction, civil penalties, and other equitable relief in this matter, pursuant to Sections 13(b), 19, and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and 56(a)(1). Defendants have waived service of the summons and the Complaint. Plaintiff and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 2(a) of the Better Online Ticket Sales Act ("the BOTS Act"), 15 U.S.C. § 45c(a), in connection with their purchase of tickets.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

B. "**Corporate Defendant**" means Concert Specials, Inc., and its successors and assigns.

C. "**Individual Defendant**" means Steven Ebrani.

D. "**Event**" means any concert, theatrical performance, sporting event, show, or similarly scheduled activity, taking place in a venue with a seating or attendance capacity exceeding 200 persons that (1) is open to the general public; and (2) is promoted, advertised, or marketed in interstate commerce or for which Tickets are generally sold or distributed in interstate commerce.

F. "**Ticket**" means any physical, electronic, or other form of a certificate, document, voucher, token, or other evidence for an Event indicating that the bearer, possessor, or person entitled to possession through purchase or otherwise has (1) a right, privilege, or license to enter an

event venue or occupy a particular seat or area in an event venue with respect to one or more events; or (2) an entitlement to purchase such a right, privilege, or license with respect to one or more future events.

G. **"Ticket Issuer"** means any person who makes Tickets available, directly or indirectly, to the general public, and may include—(1) the operator of the venue; (2) the sponsor or promoter of an event; (3) a sports team participating in an event or a league whose teams are participating in an event; (4) a theater company, musical group, or similar participant in an event; and (5) an agent for any such person.

## ORDER

**I.     PROHIBITIONS RELATING TO TICKETS**

IT IS ORDERED that Defendants and Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the purchase, reservation, or sale of any Tickets, are hereby permanently restrained and enjoined from:

A. Circumventing a security measure, access control system, or other technological control or measure on an Internet website or online service that is used by the Ticket Issuer to enforce posted Ticket purchasing limits or to maintain the integrity of posted online Ticket purchasing order rules;

B. Selling or offering to sell any Tickets in interstate commerce obtained in violation of subparagraph (A) if the person selling or offering to sell the Ticket either (1) participated directly in or had the ability to control the conduct in violation of subparagraph (A); or (2) knew or should have known that the Ticket was acquired in violation of subparagraph (A);

      C.      Using any automated software or automated computer system (e.g., a ticket bot, spinner, or spider), at any time during the purchase or reservation of any Tickets;

      D.      Using any services to assist with solving CAPTCHAs on an Internet website or online service of any Ticket Issuer;

      E.      Paying for a Ticket on an Internet website or online service from a credit card account, debit card account, bank account, prepaid card account, or a digital wallet or online payment system in the names of anyone other than the Defendants or the Corporate Defendant's officers or employees;

      F.      Purchasing Tickets on an Internet website or online service in the names of anyone other than the Defendants or the Corporate Defendant's officers or employees;

      G.      Asking anyone, other than the Defendants or the Corporate Defendant's officers or employees, to purchase Tickets on an Internet website or online service on behalf of the Defendants;

      H.      Using multiple Internet Protocol (IP) addresses simultaneously on a single physical device to circumvent Ticket limits on an Internet website or online service;

      I.      Taking any other step that circumvents Ticket limits on an Internet website or online service.

## II.    MONETARY JUDGMENT FOR CIVIL PENALTY AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

      A.      Judgment in the amount of sixteen million dollars ($16,000,000.00) is entered in favor of Plaintiff against the Defendants, jointly and severally, as a civil penalty.

      B.      Defendants are ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, one million five hundred sixty five thousand five hundred twenty seven dollars

and forty one cents ($1,565,527.41), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

   C. The Commission's and Plaintiff's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

    1. the Financial Statement of Individual Defendant signed on June 5, 2020, including the attachments;

    2. the Financial Statement of Corporate Defendant signed by Steven Ebrani, CEO, on June 5, 2020, including the attachments;

    3. the additional information and documentation submitted by letter from Defendants' counsel Leonard Gordon to Commission counsel Melissa Dickey and Frances Kern dated July 21, 2020, attaching statements from seven different financial accounts of Corporate Defendant, statements from one financial account of Individual Defendant, and documents relating to a mortgage application of Individual Defendant;

    4. the additional information submitted by email from Defendants' counsel Leonard Gordon to Commission Counsel Melissa Dickey and Frances Kern dated August 3, 2020, and August 5, 2020; and

    5.  the additional information and documentation submitted by letter from Defendants' counsel Leonard Gordon to Commission Counsel Melissa Dickey and Frances Kern dated August 19, 2020, attaching insurance-claim documents and a property closing statement.

  D.  The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission or Plaintiff, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

  E.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## III. ADDITIONAL MONETARY PROVISIONS

  IT IS FURTHER ORDERED that:

  A.  Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

  B.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

  C.  Defendants agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as

to the Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## IV. COOPERATION

IT IS FURTHER ORDERED that Defendants must fully cooperate with representatives of Plaintiff and the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendant must appear and Corporate Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiff or Commission representative may reasonably request upon 5 days' written notice, or other reasonable notice, at such places and times as a Plaintiff or Commission representative may designate, without the service of a subpoena.

## V. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, the Individual Defendant for any business that such Defendant, individually or collectively with the Corporate Defendant, is the majority owner

or controls directly or indirectly, and the Corporate Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the scope of any ticket purchase or sale activities, and the involvement of any other Defendant (the Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide

a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

      2.    Additionally, the Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

    B.    For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

      1.    Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

      2.    Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

      C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

      D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

      E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Concert Specials.

## VII.    RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant, in connection with the purchase or sale of any Tickets on an Internet website or online service, and the Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

      A.      accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

D. records sufficient to identify all Tickets purchased or sold by the Defendants on an Internet website or online service, including the name and date of the event, the number of Tickets purchased for the event, the seat number of the Tickets purchased (if any), the Tickets' purchase price, the date the Tickets were purchased, any technologies that were used to assist with the purchase, the name and address of the Ticket purchaser, including the name and address provided to the Ticket Issuer, the source of payment for the purchase, and the Ticket resale price (if any).

## VIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning the Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## IX. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this

19 day of January, 2021

s/ Denis R. Hurley
_____
HONORABLE
United States District Judge

**SO STIPULATED AND AGREED:**

Dated:            January 14, 2021

**FOR THE UNITED STATES OF AMERICA**

| | |
|---|---|
| JENNIFER B. DICKEY<br>Acting Assistant Attorney General<br>Civil Division | SETH D. DuCHARME<br>Acting United States Attorney<br>Eastern District of New York |
| DANIEL J. FEITH<br>Deputy Assistant Attorney General | _/s/ Bonni J. Perlin_<br>BONNI J. PERLIN<br>KEVIN YIM<br>Assistant U.S. Attorneys<br>Tel: (718) 254-6254<br>Tel: (718) 254-6186<br>bonni.perlin@usdoj.gov<br>kevin.yim@usdoj.gov |
| GUSTAV W. EYLER<br>Director, Consumer Protection Branch | |
| _/s/ Benjamin A. Cornfeld_<br>BENJAMIN A. CORNFELD<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C. 200044<br>Tel:  202-598-7276<br>Fax: 202-514-8742<br>Benjamin.A.Cornfeld2@usdoj.gov | |

**FEDERAL TRADE COMMISSION**

*/s/ Frances L. Kern*
_____
Christine M. Todaro, Attorney
Frances L. Kern, Attorney

Federal Trade Commission
600 Pennsylvania Ave, NW CC-8528
Washington, DC 20580
Tel. (202) 326-2391
Fax (202) 326-3395
fkern@ftc.gov


**FOR DEFENDANTS:**

_____     Date: 8.27.20
Leonard L. Gordon
Venable LLP
Rockefeller Center
1270 Avenue of the Americas
24th Floor
New York, NY 10020
212-307-5500
212-307-5598 (facsimile)
COUNSEL FOR CONCERT SPECIALS, INC. AND STEVEN EBRANI

_____     Date: 8.27.20
Jeffrey Lichtman
11 East 44th Street
Suite 501
New York, NY 10017
COUNSEL FOR CONCERT SPECIALS, INC. AND STEVEN EBRANI

**DEFENDANTS:**

_____  Date: 08/26/20
STEVEN EBRANI INDIVIDUALLY
AND AS THE OWNER AND PRESIDENT OF
CONCERT SPECIALS, INC.

Scanned with CamScanner